# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2020

Lyle W. Cayce
Clerk

No. 19-50525
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS FERNANDO RAMIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:18-CR-729-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Luis Fernando Ramirez appeals his conviction for illegal reentry into the United States, a violation of 8 U.S.C. § 1326. He challenges the district court's denial of his motion to dismiss the indictment, which he reserved the right to appeal when he conditionally pleaded guilty. *See* FED. R. CRIM. P. 11(a)(2). Relying on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Ramirez argues that his prior removal order was invalid because the notice to appear (NTA) was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50525

defective for failing to include the date and time of his removal hearing. Ramirez therefore asserts that his prior removal could not support a conviction for illegal reentry under § 1326. He concedes that this challenge is foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *petition for cert. filed* (U.S. Nov. 6, 2019) (No. 19-6588), and *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), *petition for cert. filed* (U.S. Dec. 16, 2019) (No. 19-779), but he raises the issue to preserve it for further review. The Government has filed an unopposed motion for summary affirmance, agreeing that the issue is foreclosed by *Pedroza-Rocha* and *Pierre-Paul*. In the alternative, the Government requests an extension of time to file a brief.

Summary affirmance is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The parties are correct that Ramirez's arguments are foreclosed. *See Pedroza-Rocha*, 933 F.3d at 492-98. Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.